**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Case No. 6:14cr00009-1** |
| | ) | |
| **v.** | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **LINDA SUE NEWCOMB,** | ) | **By: Norman K. Moon** |
| **Petitioner.** | ) | **United States District Judge** |

Petitioner Linda Sue Newcomb, a federal inmate, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging her 120-month sentence based on ineffective assistance of counsel claims. The government filed a motion to dismiss and Newcomb responded. Accordingly, this matter is ripe for consideration. I conclude that Newcomb's ineffective assistance of counsel claims fail to meet the exacting standard set forth in *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Therefore, I will grant the government's motion to dismiss.

**I.**

On June 5, 2014, a grand jury returned an eight-count indictment against Newcomb charging her with: embezzlement from a federally insured credit union, in violation of 18 U.S.C. §§ 2 and 657 ("Count One"); four counts of bank fraud, in violation of 18 U.S.C. § 1344 ("Counts Two, Three, Four and Five"); and three counts of aggravated identity theft, in violation of 18 U.S.C. §§ 2 and 1028A(a)(1) ("Counts Six, Seven and Eight"). These charges stemmed from a scheme in which Newcomb, the manager at a credit union, and another employee, forged loan documents and used the identities of account holders to create fraudulent loans and used the proceeds for her own benefit. As a result, the credit union had to be liquidated, in turn causing millions of dollars of losses to various financial institutions. Newcomb pleaded guilty, pursuant to a written plea agreement, to Counts One, Four, Five and Seven. (Plea Agree. at 1, ECF No.

48.) The government agreed to dismiss the remaining counts of the indictment. (*Id.* at 3.) The plea was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and called for an agreed upon sentencing range of 84 to 147 months' incarceration. (*Id.* at 1.)

A guilty plea hearing was held on February 27, 2015. At the hearing, Newcomb affirmed that she had read and understood the plea agreement and had had ample time to consult with counsel before signing it. (Plea Hr'g Tr. 3, 13-15, ECF No. 85.) Newcomb further affirmed that she was "fully satisfied with the counsel, representation and advice given" to her by her lawyer. (*Id.* at 4.) She stated that she understood that she was entitled to a trial if she so wanted and that by pleading guilty she waived her right to trial. (*Id.* at 4-5.) The prosecutor summarized the terms of the plea agreement, including the statutory minimum and maximum terms she faced and the evidence that it had against her. (*Id.* at 6-8.) Newcomb affirmed that she understood the range of punishment that she faced for each count. (*Id.* at 8-9.) Further, Newcomb affirmed her understanding that by pleading guilty, she gave up his right to appeal and to collaterally attack her sentence except for matters that cannot be waived by law or that allege ineffective assistance of counsel. (*Id.* at 14.) In addition, Newcomb stated that no one had "attempted in any way to force" her to plead guilty. (*Id.*) I found that Newcomb was fully competent and capable of entering an informed plea and that her guilty plea was knowingly and voluntarily made. (*Id.* at 21-22.)

The probation office prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing. The PSR recommended a total offense level of 34, for Counts One, Four and Five, which included a twenty-point enhancement because the loss was more than seven million dollars but less than twenty million, a two-point enhancement because the fraud involved sophisticated means, a four-point enhancement because the offense substantially jeopardized the

soundness of a financial institution, a two-point enhancement for abuse of a position of public trust, and a two-point enhancement for being a leader or organizer of the criminal activity. (PSR ¶¶ 22 - 24, 26, 27, 33, ECF No. 96). Count Seven required, by statute, a two-year consecutive sentence, which precluded the need for offense level computations for that count. (*Id.* ¶ 34.) Because Newcomb had a criminal history category of I, her guideline imprisonment range was 151 to 188 months on Counts One, Four and Five and 24 months on Count Seven, to be served consecutive to any other counts. *Id.* ¶ 58, 59.) However, because Newcomb pleaded guilty pursuant to Rule 11(c)(1)(C), the agreed upon term of imprisonment was 84 to 147 months. (*Id.* ¶ 60.) Defense counsel objected to the PSR and argued that the enhancement for being an organizer or leader of the criminal activity should not apply. (*Id.* at 18.)

Both the government and Newcomb provided sentencing memoranda. The government requested that I sentence Newcomb to the high end of the range, 147 months, because of the size, scope, and duration of the fraud. (U.S. Sent. Memo at 11, ECF No. 61.) Newcomb argued that she deserved a sentence of 84 months because she had no criminal history, did not pose a danger to the public, had suffered due to the fact that her felony convictions were "highly publicized," and to avoid sentencing disparities because the other person convicted of criminal activity for the same fraud received a 40-month sentence after cooperating with the government. (Newcomb Sent. Memo at 3-9, ECF No. 63.)

At the sentencing hearing, neither the government nor the defense presented evidence. In accordance with their sentencing memoranda, the government argued for a sentence of 147 months and the defense for 84 months. (*Id.* at 5-10). Defense counsel highlighted Newcomb's repentance, lack of criminal history, the fact that 84 months is a significant amount of time for

someone who is 64 years of age, and that an 84 month sentence would accomplish the court's sentencing goals. (*Id*. at 7-11) I sentenced Newcomb to 120 months. She did not appeal.

In her § 2255 motion, Newcomb alleges that counsel provided ineffective assistance by: (1) providing erroneous advice prior to pleading guilty, (2) failing to investigate, (3) failing to communicate with her and coercing her to plead guilty, (4) failing to object to the PSR and present arguments at sentencing.

**II.**

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Newcomb bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

**III.**

The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. *Strickland*, 466 U.S. at 687. When

considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Gray v. Branker*, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 690.

To satisfy the prejudice prong of *Stickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**A. Erroneous Advice Prior to Pleading Guilty**

First, Newcomb argues that counsel provided ineffective assistance because he "did not let [her] defend [her]self to [the] prosecuting attorney." (§ 2255 Mot. at 5, ECF No. 80.) It is unclear to the court under what circumstances Newcomb was engaged in discussions with the prosecutor. Assuming, however, that counsel cautioned Newcomb that whenever talking to the prosecutor, she should be aware that statements made could be "turned . . . around" or used against her, this advice was reasonable. "Counsel's function is to assist the defendant," and he did so here, by counseling her not to talk to the prosecution to ensure that she did not make any statements that could be construed as incriminating. *Strickland*, 466 U.S. at 688.

Newcomb also argues that counsel refused to allow her to "confront" the prosecutor to prove that a truck she owned, which was seized by the government, had not been purchased with

stolen money. (§ 2255 Mot. at 5, ECF No. 80.) Newcomb does not specify the type of truck or her particular interest in it. However, in her plea agreement, Newcomb expressly forfeited a "2011 GMC Sierra 4x4 Truck," to be applied toward restitution. (Plea Agree. at 5, ECF No. 48.) Accordingly, she is bound by the terms of her plea agreement. *See United States v. Broughton-Jones*, 71 F.3d 1143, 1148 (4h Cir. 1995) (noting that a defendant and the government can agree to a restitution order, which is binding on the parties). Accordingly, counsel's advice not to confront the prosecutor about forfeiture of her truck did not constitute ineffective assistance. *Strickland*, 466 U.S. at 687.

**B. Failure to Investigate**

Newcomb makes a number of claims regarding counsel's failure to investigate her case. She asserts that defense counsel should have called and interviewed people, such as "coworkers, auditor, etc.," sent an investigator to her husband's great aunt's house "to get copies of items that were a plus to my case," and researched a "list of items." Newcomb does not explain what, specifically, she wanted counsel to investigate, the evidence he would have uncovered, or how it would have helped her case. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation omitted); *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing) *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). Because Newcomb has not established, with any particularity, what counsel should have investigated or how such an investigation could have helped her, she cannot establish deficient performance or prejudice. *Strickland*, 466 U.S. at 687.

Newcomb also asserts, with more detail, that counsel should have investigated the time that she was out of work, over an approximately six-month period in 2010, due to a medical problem. Newcomb claims that she could not have perpetrated the fraud during that six-month period. Assuming she was absent from work for six months in 2010 and counsel failed to investigate this fact, Newcomb cannot establish prejudice. She pleaded guilty to a fraud spanning almost thirteen years, from 2000 until 2013. (PSR ¶ 1, ECF No. 96.) Newcomb cannot show that had counsel investigated her short-term medical issue, "there is a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Finally, Newcomb argues that counsel erred by failing to investigate her claim that she told the board of directors at the credit union "to take [her] out of [her] position [as manger] because it was getting too hard for [her]" and she "felt overwhelmed with the responsibility [she] had been given." (§ 2255 at 7, ECF No. 80.) Assuming that counsel did fail to investigate this claim, Newcomb cannot establish deficient performance on the part of counsel or prejudice. Feeling pressured to continue a job that was too difficult and overwhelming is not a defense to criminal conduct. Newcomb pleaded guilty to embezzlement, bank fraud, and aggravated identity theft, in which she actively originated and sold false loans and approved fictitious loan documents using other people's identities, resulting in the liquidation of the credit union and millions of dollars in losses. Counsel's decision not to investigate a defense without merit was a reasonable "strategic choice." *Strickland*, 466 U.S. at 699; *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (noting that counsel's decision not to pursue a meritless argument was not unreasonable and, therefore, not contrary to *Strickland*). Accordingly, Newcomb cannot

establish that counsel's conduct fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688.

**C. Failure to Communicate and Coerced into Pleading Guilty**

Next, Newcomb argues that counsel provided ineffective assistance because he failed to keep in touch with her and did not answer her questions. In addition, she alleges that counsel "scared" her into accepting the plea by suggesting that if a jury found her guilty at trial, she could face a significantly higher sentence.

Newcomb's claims that her counsel failed to communicate with her are directly contracted by her sworn statements during her plea colloquy. Newcomb affirmed that she had had sufficient time to read and discuss the plea agreement with counsel and that she was satisfied with counsel's representation. (Plea Hr'g Tr. 3-4, ECF No. 85.) Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).

In addition, her claim that counsel coerced her to plead guilty also must fail. First, she affirmed during her plea colloquy that no one had forced her to plead guilty. (Plea Hr'g Tr. 14, ECF No. 85.) Second, although she now states that she did not want to take the plea deal, she stated at her plea colloquy that she wanted to plead guilty because she was, in fact, guilty. (*Id*. at 21.) In addition, counsel was correct in advising Newcomb that by pleading guilty she greatly reduced her potential sentence exposure. Had she gone to trial and been found guilty only of the counts to which she pleaded guilty, she would have faced a guideline range of 210 to 262 months, plus an additional 24 months on Count Seven. This does not take into account the other counts in the indictment which were dismissed as a result of her plea. Newcomb has received

the benefit of a very advantageous plea deal. Her claims that counsel failed to communicate with her and coerced her to plead guilty must be dismissed. *Strickland*, 466 U.S. 687.

**D. Sentencing Error**

Finally, Newcomb argues that counsel erred by failing to object to the PSR, making inadequate arguments during sentencing, and advising her to make a short allocution during her sentencing hearing. Newcomb argues that she did not agree with portions of the PSR, mainly the description in the PSR of her criminal conduct, including loan agreements and the check-kiting scheme. However, during her plea colloquy, the prosecution outlined the evidence that it had against her, including a description of her false loans, transference of funds and fraudulent check-writing. (Plea Hr'g Tr. 16-20, ECF No. 85.) Afterward, defense counsel stated that there were parts of the recitation of evidence against her with which she did not agree, but that that there was enough factual support to "make out each and every element of the offenses charged." (*Id*. at 21.) Newcomb then stated that she was guilty of the charges against her. (*Id*.) Because counsel did take issue with some of the prosecution's facts, but agreed that there was sufficient evidence for each count, and because Newcomb, after hearing the facts against her, pleaded guilty, counsel did not err by failing to challenge some of the facts outlined in the PSR. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).

Newcomb also claims that counsel failed adequately to argue on her behalf at her sentencing hearing. Counsel filed a sentencing memorandum asserting that an 84-month sentence was appropriate. (Sent. Memo., ECF No. 63.) In support, counsel argued that because the other person involved in the fraud received a 40-month sentence, Newcomb should be sentenced to the low end of the guidelines range to avoid sentencing disparities. (*Id*. at 9-11.) In addition, at sentencing, counsel argued for a low-guideline-range sentence. I took counsel's

sentencing memorandum and sentencing hearing arguments under advisement. (*Id*. at 8-12.) Ultimately, however, I concluded that a 120-month sentence was appropriate, after considering the sentencing factors set forth in 18 U.S.C. § 3553(a). Accordingly, Newcomb's claims that counsel failed to argue at sentencing and failed to address sentencing disparities is incorrect; counsel did not err with regard to his representation of her at sentencing. *Strickland*, 466 U.S. at 688.

Finally, Newcomb claims that counsel advised her to limit her allocution during sentencing. Newcomb had a right to be heard during sentencing and exercised that right by addressing the court. *See United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007) (noting that a court must allow a defendant the opportunity to speak at sentencing). Even if I were to assume that counsel suggested that she keep her remarks short, such advice does not constitute ineffective assistance of counsel. I conclude that such advice was reasonable. *Strickland*, 466 U.S. at 689.

**IV.**

For the reasons stated herein, I will grant the government's motion to dismiss.

**ENTER:** This 27th day of January, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE